[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10590
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20509-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL JEAN CHARLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Daniel Jean Charles appeals his 57-month sentence, imposed after he

pleaded guilty to one count of conspiracy to commit access device fraud, 18 U.S.C. § 1029(b)(2), and one count of aggravated identify theft, 18 U.S.C. § 1028A(a)(1). On appeal, Charles argues that the district court committed clear error when it denied a joint recommendation for a reduction to Charles's offense level for his allegedly minor role in the offense under United States Sentencing Guideline § 3B1.2. Specifically, Charles alleges that the district court failed to properly analyze his role in the offense under the test provided in United States v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc) (De Varon). He also argues that the district court failed to consider his co-conspirator's more significant role in the larger criminal scheme. After careful consideration, we affirm.

"[A] district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that will be reviewed only for clear error." Id. at 934. The defendant "bears the burden at all times of establishing her role in the offense by a preponderance of the evidence." Id. A defendant warrants a two-level reduction for playing a minor role in the offense if he is "less culpable than most other participants, but [his] role could not be described as minimal." USSG § 3B1.2 comment. n.5. A district court is not required to find a participant's role is minor merely because the government recommends such a finding. See United States v. Erves, 880 F.2d 376, 381 (11th

2

Cir. 1989).

Under De Varon, a district court conducts a two-pronged analysis of the defendant's conduct to determine whether a minor-role reduction applies. 175 F.3d at 940. First, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to [him] in calculating [his] base offense level." Id. The first prong does not evaluate whether he played a minor role in a larger conspiracy. Id. at 944. Second, the district court may assess a defendant's relative culpability compared to any other participants in the relevant conduct. Id. Under this prong, the court is limited to considering only those participants who were involved in the particular conduct for which the defendant was convicted. Id. The court does not take into account the role of any participants in any larger criminal conspiracy. Id. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

Here, the district court did not clearly err in denying a minor-role adjustment. Although the district court made no factual findings as to the first De Varon prong, "the sentencing judge has no duty to make any specific subsidiary factual findings." Id. at 939. "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple

3

statement of the district court's conclusion is sufficient." Id.  The facts set forth in the factual proffer signed by Charles provide sufficient support for denying the adjustment.  According to the proffer, Charles "agreed to help Wesly Compere use debit cards numbers and social security card numbers to obtain fraudulent income tax refunds and social security Retirement Income Benefits (RIB) payments."  Charles allowed Compere to use addresses under his control in furtherance of this scheme and forwarded any payments and correspondence in exchange for part of the proceeds.  Charles also sent text messages notifying Compere and other co-conspirators of the arrival of such correspondence and passing along personal identification information like social security numbers and dates of birth.  Charles was involved with fraudulent returns totaling $239,433.90.  In short, the record supports the district court's finding that Charles did not play a minor role in the offense.

Neither did the district court err when it considered Charles's culpability in the conduct for which he was convicted in comparison to that of Compere, his co-conspirator.  Charles asks this Court to consider Charles's role in Compere's larger criminal scheme.  But under De Varon, "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant."  175 F.3d at 944 (emphasis added).  The district court properly compared the financial loss and roles of Charles and Compere in the conduct for

which Charles was convicted.  We affirm the sentence.

**AFFIRMED.**